**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM MURREN, | : | Civil No.  06-4014 (RBK) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **O P I N I O N** |
|  | : |  |
| WARDEN OF FCI FORT DIX, et al., | : |  |
|  | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    WILLIAM MURREN, Petitioner pro se
    #54251-066
    F.C.I. Fort Dix
    P.O. Box 7000/5851
    Fort Dix, New Jersey 08640

**KUGLER**, District Judge

Petitioner William Murren, a federal prisoner currently confined at the Federal Correctional Institution ("F.C.I.") at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to dismiss a detainer and charges lodged against him by the Commonwealth of Pennsylvania.[1]  The named respondents are the Warden at F.C.I. Fort Dix, and the Attorney General of Pennsylvania.  For the

---

[1] Petitioner also submitted an application to proceed in forma pauperis in this action, and based on review of the application, the Court will grant petitioner indigent status.

reasons stated herein, the petition will be dismissed for lack of jurisdiction.

## I.   BACKGROUND

At the time he filed his § 2254 habeas petition, petitioner, William Murren ("Murren"), was serving a 90 month federal sentence imposed by a federal district court in March 2002. He had been in federal custody since March 13, 2000. Murren's projected release date was September 23, 2006. It appears from the Federal Inmate Locator Internet site that Murren was released from BOP custody on September 22, 2006.

In his petition, Murren seeks to have the Warden remove the detainer lodged against him by the Commonwealth of Pennsylvania, and allow petitioner to be released to a half-way house or other appropriate program. Murren further seeks to have the state burglary indictment against him be dismissed with prejudice and permanently enjoin the Commonwealth of Pennsylvania from prosecuting petitioner on the burglary charges in the future. Murren claims the state detainer and charges are invalid because he has been denied his right to a speedy trial, as guaranteed under the Sixth Amendment. He states that he filed a motion in state court to dismiss the burglary charges on the ground that Murren was not afforded a speedy trial. He has heard nothing from the Pennsylvania state court with regard to his motion.

## II. STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Murren brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

## III. ANALYSIS

Murren asserts separate claims against the two named respondents. Both claims are subject to dismissal for lack of jurisdiction for the reasons set forth below.

A.  <u>Claim Against Warden of FCI Fort Dix</u>

The first claim is against the Warden at FCI Fort Dix, which asserts that Murren would otherwise be eligible for community pre-release programs but for the lodging of an allegedly invalid detainer against him.  The Court finds that this claim would be subject to dismissal without prejudice because petitioner did not attempt to exhaust his administrative remedies as required under federal law.  However, because Murren was released from BOP custody on September 22, 2006, the claim against the Warden of FCI Fort Dix will be dismissed as moot.

Generally, a case becomes moot when the issues presented no longer present a live controversy or the parties lack a cognizable interest in the outcome.  <u>See</u> <u>County of Morris v. Nationalist Movement</u>, 273 F.3d 527, 533 (3d Cir. 2001); <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998); <u>Powell v. McCormack</u>, 395 U.S. 486 (1969).  Since the only claim in this petition against the Warden of FCI Fort Dix seeks to establish Murren's eligibility for pre-release community programs and the lifting of a state detainer, which effect only the manner and conditions of petitioner's confinement, and Murren has actually been released from BOP custody, the claim is rendered moot, and the petition should be dismissed accordingly, against the Warden of FCI Fort Dix, for lack of jurisdiction.  <u>See</u> <u>Lusardi v. Xerox Corp.</u>, 975 F.2d 964, 974 (3d Cir. 1992).

4

B.  <u>Claim Against the Attorney General of Pennsylvania</u>

Murren brings his action under 28 U.S.C. § 2254.  Section 2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person ***in custody*** pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be ***in custody*** under the conviction he is attacking when the petition is ***filed***, in order for this Court to have jurisdiction.  See <u>Maleng v. Cook</u>, 490 U.S. 488, 490-92 (1989).

Murren's second claim is against the Attorney General of the Commonwealth of Pennsylvania, challenging the legitimacy of the warrant for detainer and the underlying state criminal charges. Murren asserts that the state court charges should be dismissed because he was not afforded his right to a speedy trial. However, because Murren was not in state custody pursuant to the detainer he challenges at the time he filed this petition, this claim is subject to dismissal for want of "in custody" jurisdiction.

"Absent custody by authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." <u>Campillo v. Sullivan</u>, 853 F.2d 593 (8th Cir. 1988)(denying habeas

5

petition seeking immediate deportation during state term of imprisonment), cert. denied, 490 U.S. 1082 (1989).  Here, Murren admits that, at the time he filed his § 2254 habeas petition, he was serving his federal sentence and thus, was in the custody of federal prison authorities, not the Commonwealth of Pennsylvania, against whom he principally seeks relief from the detainer.

Generally, courts do not base custody solely on the issuance of a detainer.  See, e.g., Campillo, 853 F.2d at 595; Prieto v. Gluch, 913 F.2d 1159, 1162-63 (6th Cir. 1990), cert. denied, 498 U.S. 1092 (1991); Garcia v. I.N.S., 733 F. Supp. 1554 (M.D. Pa. 1990).  Rather, a detainer is simply an "internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until the jurisdiction asserting a parole violation has had an opportunity to act in this case by taking the inmate into custody or by making a parole revocation determination."  Moody v. Daggett, 429 U.S. 78, 80-81, n.2 (1976).

Therefore, Murren's claim challenging the legitimacy of the detainer warrant is subject to dismissal because the respondent Warden cannot provide the relief requested, which may only be granted by the Commonwealth of Pennsylvania.  Moreover, because Murren was not in the custody of the Commonwealth of Pennsylvania at the time he filed this petition, the petition, as asserted

against the Attorney General of Pennsylvania, must be dismissed for lack of "in custody" jurisdiction.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## V. CONCLUSION

For the reasons set forth above, the petition will be dismissed with prejudice for lack of "in custody" jurisdiction. An appropriate order follows.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: September 28, 2006

8